# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HENRY L. IVY, JR.,**

    **Petitioner,**

    v.                                                **CASE NO. 18-3007-JWL**

**STEVEN HARMON,**
**Jailer,**

    **Respondent.**

## ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, currently in parole revocation proceedings, challenges the legality of the United States Parole Commission ("USPC") warrant authorizing his detention. Petitioner claims that he was sentenced to a term of supervised release, not special parole, and that the USPC has erroneously asserted jurisdiction over a non-existent special parole term. Petitioner has been in custody under the authority of the USPC warrant since around August 4, 2017.

On January 10, 2018, the Court entered an Order (Doc. 14) finding that further briefing was needed to develop the record to determine whether Petitioner has exhausted available administrative remedies. The Court set a schedule for the parties to brief the issue of exhaustion. The issue has been fully briefed (Docs. 16, 20 and 21), and the Court finds that the Petition should not be dismissed for failure to exhaust and the matter is ready for final briefing on the merits.

Petitioner's brief sets forth the following reasons why exhaustion should not be required in this case: (1) the Administrative Procedure Act ("APA") prohibits imposing a judicially created exhaustion requirement where the administrative remedy is merely optional and fails to

include a stay provision; (2) the remedy process would require an indeterminate and unreasonable amount of time; (3) the agency administering the remedy lacks expertise in the issues raised in the habeas petition; and (4) the issues raised in the petition are outside the scope of the administrative remedy, so exhausting the remedy would be futile.  *See Darby v. Cisneros*, 509 U.S. 137, 146–47, 154 (1993) (finding that § 704 of the APA requires only the exhaustion of mandatory, not optional, remedies, and where the APA applies "an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review") (emphasis in original); and 28 C.F.R. § 2.26 (regulation providing that a "prisoner or parolee *may*  submit to the National Appeals Board a written appeal of any decision . . .") (emphasis added).

Petitioner argues that if the Court decides that exhaustion is required, Petitioner should remain at the Leavenworth Detention Center ("LDC") and his claims be held in abeyance until the claims are exhausted.  Petitioner notes that he has already been transferred once after having counsel appointed to represent him.  The Petition was originally filed on July 7, 2017, in the United States District Court for the Western District of Kentucky, and because Petitioner was subsequently transferred to LDC, the case was transferred to this Court on January 8, 2018.  The transfer required the appointment of new counsel.  Petitioner asks the Court to order that Petitioner not be transferred out of the district until his habeas petition is ruled on.

Respondent has filed a Response (Doc. 20), arguing that the Petition should be dismissed on the merits.  Respondent argues that despite the warrant's reference to "special parole," the USPC's jurisdiction arises from Petitioner having been released on mandatory release under 18 U.S.C. § 4163, and the mandate of that section that he be supervised "as if on parole" until the

expiration of his sentence.  The Response does not address the issue of exhaustion.  Petitioner's Reply (Doc. 21) argues that Respondent has waived the exhaustion defense, and then addresses the merits of the Petition.

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  However, under narrow circumstances, exhaustion may be excused where it would be futile.  *See e.g. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility exception in context of habeas corpus action filed under 28 U.S.C. § 2254) and *Fazzini v Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235–36 (6th Cir. 2006) (recognizing failure to exhaust in § 2241 cases may be excused based on futility or where inadequate, and noting that § 2241's exhaustion requirement, in contrast to the PLRA, is not statutorily required).

Based on the reasoning set forth in Petitioner's brief at Doc. 16, as well as Respondent's failure to dispute that reasoning, the Court finds that the Petition should not be dismissed for failure to exhaust.  *See Tyson v. Jeffers*, 115 F. App'x 34, 39 (10th Cir. 2004) (unpublished) ("This exhaustion requirement is not in the text of § 2241; it is a prudential requirement imposed by the courts, and may therefore be waived."); *Pool v. Streeval*, Case No. 16-3148-JWL, 2016 WL 6083712, at *3 (D. Kan. Oct. 18, 2016) ("Respondent does not challenge petitioner's exhaustion of remedies, and the Court is persuaded that any additional effort to seek administrative review by the Commission would be futile); *see also* D. Kan. Rule 7.4(b) (court may consider and decide a motion as uncontested when there is a failure to file a response within the requisite time frame).

Although the parties' briefs address the underlying merits of Petitioner's § 2241 petition, the Court will allow the parties an opportunity to submit any additional briefing on the merits. The parties should notify the Court if they do not intend to submit additional briefing. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that Respondent is hereby given additional time up to and including **April 6, 2018**, to providing any additional briefing as to why the writ should not be granted; and that Petitioner is granted until **April 26, 2018,** to file a traverse thereto.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 19th day of March, 2018.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**